| | |
|---|---|
| GINA L. LOGAN<br>317 South 12th Street<br>St. Joseph, MO<br><br>　　　　Plaintiff,<br>v.<br><br>TRIUMPH FOODS, LLC<br>Serve the Registered Agent:<br>THE CORPORATION COMPANY<br>120 South Central Avenue<br>Clayton, Missouri 63105<br><br>　　　　Defendant. | Case No. 09BU-CU00511<br><br>JURY TRIAL DEMAND<br><br>STATUS REVIEW HEARING<br>SET FOR: April 30, 2009<br>AT 8:30 am<br>DIV. NO. 2 |

## PETITION FOR DAMAGES

## VIOLATIONS OF MISSOURI HUMAN RIGHTS ACT

## VIOLATIONS OF FAMILY MEDICAL LEAVE ACT

COMES NOW Gina L. Logan ("plaintiff"), by and through her attorney of record, and for her petition for damages against Triumph Foods, LLC ("defendant"), alleges and states as follows:

### INTRODUCTION

1. Plaintiff was subjected to unlawful discrimination and retaliation.

2. Plaintiff seeks damages against defendant pursuant to the Missouri Human Rights Act ("MHRA") and or the Family and Medical Leave Act, 29 U.S.C. Section 2601, seq., ("FMLA").

### PARTIES

3. Plaintiff is a Black female resident and citizen of the State of Missouri.

4. Defendant exists and is organized under the laws of the State of Missouri.

5.  Defendant is an employer within the meaning of the MHRA and the FMLA.

## JURISDICTION AND VENUE

6.  All alleged acts of discrimination and wrongdoing occurred in St. Joseph, Buchanan County, Missouri making this Court an appropriate forum.

## FACTUAL BACKGROUND

7.  Plaintiff was employed by defendant for approximately 2 years and 8 months, from on or about December 21, 2005 until termination on or about August 20, 2008. Plaintiff first worked on the Ham Line. Plaintiff was working in the Box Shop at the time of her termination.

8.  Steve Hull ("Hull"), a white male, was a supervisor of plaintiff.

9.  Robert Larsen ("Larsen"), a white male, worked with plaintiff in the Box Shop.

10. Linden (last name unknown) ("Linden"), a white or Latino female, worked with plaintiff in the Box Shop.

11. Filbert (first name not known) ("Filbert"), a white male, worked with plaintiff on the Ham Line.

12. Charlene Furgeson ("Furgeson"), a white female, was a manager working in defendant's human resources department.

13. During her employment with defendant, plaintiff was subjected to numerous and continuous acts of racial discrimination and or harassment.

14. Within the first few weeks of employment, plaintiff was advised that a co worker on the Ham Line, Filbert, was making racially derogatory remarks regarding plaintiff including stating that "his people owned slaves back in slave times and he would beat Gina (plaintiff) if it was like back then".

15. Plaintiff promptly complained to Furgeson in human resources upon learning of Filbert's racist remarks.

16. Defendant failed to take appropriate action in response to plaintiff's complaint of Furgeson's racist remarks.

17. On or about October 9, 2007 while working in the Box Shop, Linden stated to plaintiff that "I (Linden) will not help or work with a black person."

18. Plaintiff promptly complained to her immediate supervisor, Hull, upon Linden making her (Linden's) racist remarks to plaintiff.

19. Defendant failed to take appropriate action in response to plaintiff's complaint of Linden's racist remarks.

20. During the course of her employment, plaintiff learned that certain non black employees with less seniority, doing the same or less demanding jobs were being paid more than she was being paid.

21. Plaintiff repeatedly complained to her supervisor Hull that she believed her being paid less than the non black employees was discrimination due to her race.

22. Defendant failed to take appropriate action in response to plaintiff's complaints of pay disparity due to race.

23. On Saturday, June 7, 2008, while working with Larsen in the Box Shop, Larsen made various racial and sexual derogatory remarks that offended plaintiff. Such remarks included Larsen telling plaintiff that "the reason she (plaintiff) is so big is because slaves were bred to be big to get more work out of them and that is also why there are so many big black athletes today". Larsen also asked plaintiff if "black men went down on women?"

24. Plaintiff promptly, on Saturday June 7, 2008, complained to her supervisor Hull about Larsen's offensive racial and sexual remarks.

25. On Friday, June 13, 2008, plaintiff entered Heartland Health Hospital for stress related emotional and physical health care and treatment.

26. Plaintiff took a nine (9) week FMLA leave from work beginning on Monday, June 16, 2008 and ending on or about Monday, August 18, 2008.

27. On or about August 20, 2008 plaintiff's supervisor, Hull, told her she was being terminated because of either threats or aggressive behavior.

28. As a result of her termination, plaintiff lost wages, employment associated benefits and other actual losses.

## CONDITION PRECEDENT

29. Thereafter, plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights. A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

30. Plaintiff received her right-to-sue notice pursuant to the Missouri Human Rights Act. A copy of the right to sue notice is attached hereto as Exhibit B and incorporated herein by reference.

31. This action has been timely filed with this Court, and plaintiff has met all conditions precedent to filing this action.

## COUNT I
### MHRA- Employment Discrimination

COMES NOW plaintiff and for Count I of her petition against defendant, alleges

and states as follows:

32. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

33. Upon information and belief and based thereon, plaintiff alleges race was a contributing factor in defendant's discriminatory actions cited herein.

34. Plaintiff was subject to continuing discriminatory acts and a racially hostile work environment throughout her employment with defendant.

35. As a direct result of defendant's discriminatory actions plaintiff sustained damages including loss of income, benefits, experience and career advancement and also pain, anguish, anxiety, humiliation and distress.

36. At the time defendant discriminated against plaintiff, defendant knew such discrimination was unlawful.

37. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiff and others, and therefore plaintiff is entitled to punitive damages from defendant, to punish defendant and to deter defendant and others from like conduct.

38. At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by defendant and/or their actions were ratified by defendant, thus making defendant liable for said actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff prays for judgment against defendant on Count I of her

petition, for a finding that she has been subjected to unlawful discrimination prohibited by V.A.M.S. § 213.010 *et seq;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for other and further relief the Court deems just and proper.

## COUNT II
## MHRA-Retaliation

COMES NOW plaintiff and for Count II of her petition against defendant, alleges and states as follows:

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

40. Plaintiff's complaints, made in good faith, concerning the racial discrimination to which she was subjected constituted protected activity.

41. By reason of plaintiff's complaints, defendant retaliated against plaintiff.

42. Defendant's retaliation against plaintiff was intentional, willful, malicious and calculated toward plaintiff and thus such constituted willful violations of state law.

43. Defendant's retaliatory actions against plaintiff have caused her to suffer damages including loss of income, benefits, experience and career advancement and also pain, anguish, anxiety, humiliation and distress.

44. At the time defendant retaliated against plaintiff, defendant knew such retaliation was unlawful.

45. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiff and others, and therefore plaintiff is entitled to punitive damages from defendant, to punish

defendant and to deter defendant and others from like conduct.

46. At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by defendant and/or their actions were ratified by defendant, thus making defendant liable for said actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff prays for judgment against defendant on Count II of her petition, for a finding that she has been subjected to unlawful retaliation prohibited by V.A.M.S. § 213.010 *et seq;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for other and further relief the Court deems just and proper.

## COUNT III
## VIOLATIONS OF FMLA

COMES NOW plaintiff and for Count III of her petition against defendant, alleges and states as follows:

47. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

48. Defendant is a private sector employer who employs 50 or more employees for at least 20 work weeks in the current or preceding calendar year and is engaged in an activity affecting commerce.

49. Plaintiff was employed by a covered employer, the defendant.

50. Plaintiff worked for the defendant employer for at least 12 months.

51. Plaintiff had worked at least 1250 hours over the prior 12 months before her

termination.

52. Plaintiff worked at a location where at least 50 employees were employed by the employer within 75 miles.

53. Plaintiff was hospitalized as an inpatient and was suffering from a serious health condition within the meaning of the FMLA and its implementing regulations.

54. Plaintiff was entitled to take reasonable leave, not to exceed a total of (12) work weeks of leave during any twelve (12) months period, for her recovery from this serious health condition.

55. Defendant discriminated against plaintiff and interfered with her right to take reasonable leave to care for her serious health condition, and retaliated against her for exercising her rights under the Act, in violation of 29 U.S.C. §2615(a)(2) and 2615(b).

56. Plaintiff was terminated for exercising her rights under the FMLA.

WHEREFORE, plaintiff prays that the Court grant the following relief:

- A. Award the plaintiff damages against the defendant in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to plaintiff by reason of the violation of the statute;

- B. Award the plaintiff interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to plaintiff by reason of the violation of the statute;

- C. Award the plaintiff an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to plaintiff and the interest on that amount;

D. Award plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

E. Award plaintiff the reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

F. Award such other and further relief as the Court finds just and equitable.

DONALD F. McDONALD, Jr.
Attorney at Law

_____
Donald F. McDonald, Jr. #28950
1125 Grand Blvd., Suite 1500
Kansas City, MO 64106
(816) 471-6444
FAX: (816) 471-6664

***ATTORNEY FOR PLAINTIFF***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of the issues in this matter.

## CERTIFICATE OF NOTICE OF DISPUTE RESOLUTION SERVICES

COMES NOW counsel for plaintiff and certifies to the Court that the plaintiff herein has been provided with notice of dispute resolution services.

_____
Attorney for Plaintiff

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA <br> [X] EEOC | 846-2008-36535 |

Missouri Commission On Human Rights and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Gina L. Logan | (816) 279-7081 | 02-23-1965 |

Street Address: 317 S 12th St., Saint Joseph, MO 64501

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TRIUMPH FOODS | Unknown | |

Street Address: 5302 Stockyards Expressway, Saint Joseph, MO 64504

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [X] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-18-2008  Latest: 09-18-2008

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by Respondent on or about 12/21/06 and I last held a position as a Box Maker.
II. I was subjected to an offensive racial remark by a co-worker. I complained about the remark.
III. I was discharged.
IV. I believe this was discrimination against me because of my race, black, and my color in violation of Title VII and retaliation against me for opposing acts made unlawful by Title VII.

RECEIVED EEOC KANSAS CITY AREA OFFICE 2008 OCT 29 AM 10:24

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 10-27-08
Charging Party Signature: Gina Logan

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT "A"



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MATT BLUNT | TODD SMITH | ALVIN CARTER | ALISA WARREN |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | Executive Director |

Gina L. Logan
317 S. 12th St.
St. Joseph, MO  64501

FE-10/08-08375
Administrative Use/Records

## NOTICE OF RIGHT TO SUE

RE:   Logan vs. Triumph Foods
      FE-10/08-08375    846-2008-36535

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

Pursuant to the Missouri Human Rights Act, your complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR has been informed that the EEOC has completed their processing of your complaint and issued a notice of your right to sue.

Therefore, the MCHR is also issuing a notice of your right to sue based on the EEOC's processing.

This letter indicates your right to bring a civil action within 90 days of such notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party (emphasis added). You are hereby notified of your right to sue the respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue.

On behalf of the Commission:

Terry Old
Information Support Coordinator
Terry.Old@dolir.mo.gov

November 6, 2008
Date

C:    Triumph Foods
      5302 Stockyards Expressway
      St. Joseph, MO  64504

| ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | P.O. BOX 1300<br>OZARK, MO 65721-1300<br>FAX: 417-485-6024 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102<br>FAX: 816-889-3582 | 106 ARTHUR STREET<br>SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

Relay Missouri:   1-800-735-2966 (TDD)    1-800-735-2466 (Voice)



# CT Corporation

**Service of Process Transmittal**
02/10/2009
CT Log Number 514423796

TO: Jim Pryde, Esq
Bryan Cave LLP
One Kansas City Place, 1200 Main Street, Suite 3500
Kansas City, MO 64105-2152

RE: **Process Served in Missouri**

FOR: Triumph Foods, LLC (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Gina L. Logan, Pltf. vs. Triumph Foods, LLC, Dft. |
| DOCUMENT(S) SERVED: | Summons, Petition, Exhibits |
| COURT/AGENCY: | 5th Judicial Circuit Court, Buchanan County, MO<br>Case # 09BUCV00511 |
| NATURE OF ACTION: | Employee Litigation - Whistle Blower's Act - Discrimination and retaliation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Clayton, MO |
| DATE AND HOUR OF SERVICE: | By Process Server on 02/10/2009 at 10:40 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of date of service - Petition // 4/30/09 at 8:30 a.m. - Status Review Hearing |
| ATTORNEY(S) / SENDER(S): | Donald F. McDonald Jr<br>Attorney at Law<br>Suite 1500<br>1125 Grand Blvd<br>Kansas City, MO 64106<br>816-471-6444 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 798083939168 |
| SIGNED: | C T Corporation System |
| PER: | Meghan Saffell |
| ADDRESS: | 120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105 |
| TELEPHONE: | 314-863-5545 |

Page 1 of 1 / BL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.